Chief Justice Bibb
delivered the Opinion of the Court.
H. Triplett, assignee of Dunham, assignee of Sanders, sued by petition and summons, against Bradley, upon a note foi one hundred and fifty-three dollars. The note to Sanders is dated 23d April, 1823; the assignment to Triplett bears date May, 1825; two credits are endorsed, one for fifty dollars, May 10, 1822, the other for five dollars twenty-five cents, February 24th, 1823.
First: The defendant pleaded, as set off, “so far as it extends,” that he sold and delivered to Dunham whilst he held the note arid before he assigned it, seven acres 0f growing corn,, for which Dunham proihised to pay him as much money as the corn was worth, and that it was reasonably worth five dollars per acre, making $35.
Secondly: By way of set off, “as far as it extends,” a note given by said Dunham for fourteen dollars, dated 19th October, 1824, payable 25th December ensuing, assigned to defendant, 6 th November, 1824, of which the defendant had notice, and that it is unpaid; to this the plaintiff demurred.
Thirdly: An obligation mutually executed between Dunham and the defendant, by which they reciprocally bound themselves, each to the other, in the penal sum of $1,000, dated 17th July, 1822, conditioned to abide and perform the award and verdict of twelve of their neighbors, as to the matter in dispute, in a certain action pending; the condition further provides, in case the twelve do not all agree as to the amount, how they shall make their award by a division by their own number &c. the plea then avers the choosing of said twelve arbitrators, and their names, and that they made their award before Dunham assigned the note to the plaintiff; and that they awarded to the defendant five dollars per acre for the corn, for apple trees missing and gone, five dollars seventy-five cents; for apple *355 trees barlted and damaged, twenty-six dollars forty-six cents; and each to pay an equal share of the costs; he avers the number of acres mentioned in the said verdict in blank, and the half of,the costs was ten dollars; and prays thereupon a set off of seventy-seven dollars twenty-one cents; the plaintiff craved oyer of the bond and award; the award agrees with the plea in all but the first subject; of the corn, it is “five dollars for corn,” omitting per acre as stated in the plea, and to this the plaintiff demurred.
N°te assign-fe„janteon" an iifermedíate assignor, 0 was },;Sj may be pleaded as a set off.
Variance be*e ^aadan a’
Error. A-mendment9'
The first plea of set off, seems to have been withdrawn by leave of the court, after demurrer sustained.
Upon argument of the matters of law arising on the plaintiff’s demurrer to the second and third pleas of the defendant, the court overruled the demurrer; and thereupon, judgment was rendered for the debt in the declaration mentioned, with interest thereon at the rate of six per cent per annum, from the time the note was payable until paid; but to be credited by seventy-seveh dollars twenty-one cents, amount of set off in the third plea; fifteen dollars thirty-four cents, amount of set off in' the second plea, and the credits endorsed upon the note of $50 and $5 25 as of the dates expressed thereon.
The idea entertained by the plaintiff’s counsel, that anote assigned to the defendant, upon Dunham, whilst Dunham was the assignee of the note sued on, and before he assigned it to plaintiff, cannot be set off against the plaintiff, is incorrect; the bare reading of the statute of assignments shows the contrary; the point was adjudged in Stewart vs. Anderson, (6 Gran. 204.)
But the third plea is badly pleaded, it omits to aver the number of acres of corn, and the award set out upon ovaer is not for payment by the acre, but only five dollars for corn. The demurrer has mistaken this plea as if pleaded in bar, when it is pleaded as a set off, or discount, for $77 21.
As there is also some probability that there is a slip in copying the award, and as-the judgment must *356 be reversed, it will best comport with the justice oí ^ie case’t0 ‘ei eac 1 Party correct his pleadings.
Triplett, for plaintiff; Crittenden, for defendant.
p 2S? therefore, considered by the court that the judgment of the circuit court be reversed, and that the cause be remanded, with leave to the parties to amend their pleadings.
Plaintiff in this court to recover his costs.